[L. A. No. 19895.   In Bank.   Mar. 28, 1947.]

CLARENCE MILTON HATFIELD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

George I. Devor for Petitioner.

Entenza & Gramer, John J. Craig, Harold W. Kennedy, County Counsel, and Douglas DeCoster, Deputy County Counsel, for Respondent.

CARTER, J.— Petitioner, the executor named in the will of Charlotte Gustava Sundberg, deceased, and a devisee thereunder, renounced his right to act as executor and the will was offered for probate by the California Trust Company, proponent.   In a contest before probate, opposition to the probate on the grounds of incompetency, undue influence, and revocation by a subsequent will, was filed by certain heirs. The due execution of the will was not questioned.   In his answer to the contest, petitioner did nothing more than deny the allegations of contestants in their opposition to the probate of the will.   In his prayer he requested the dismissal of the contest and the admission of the will to probate.   Four days before the date on which the contest had been set for trial, and again on the date of the trial, contestants filed with the clerk a voluntary dismissal of the contest.   On February 11, 1946, the date set for trial, by reason of the dismissal, the trial court refused to proceed with the trial of the action. Following a hearing on February 11, 1946, and on March 14, 1946, the petition of California Trust Company to have the

will admitted to probate was granted. On August 5, 1946, contestants filed a contest *after* probate to revoke the probate of the will, and petitioner answered that contest, making no reference to the previous contest and dismissal and alleging that the will was admitted to probate.

Petitioner now seeks by mandamus to compel the court to proceed with the trial of the contest before probate, asserting that contestants' voluntary dismissal was unavailing inasmuch as he had prayed for the admission of the will to probate in his answer in that contest, a procedure which he claims constituted a demand for affirmative relief within the meaning of subdivision 1 of section 581 of the Code of Civil Procedure.

No relief should be afforded under the foregoing circumstances. The "affirmative relief" sought by petitioner, (the admission of the will to probate), if it be such, a question we do not decide, has been obtained. Petitioner is not in a position to claim that he is aggrieved and no justification appears for the issuance of a writ of mandamus.

The alternative writ of mandate is discharged and the petition for a peremptory writ is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.